IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OWEN PUCKETT,

    Movant,

vs.                                                   No. 16cv00511 WJ/WPL
                                                      No. CR 07-00766 WJ

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Movant Own Puckett (CV Doc. 1; CR Doc. 672). The Court determines that Puckett is not entitled to relief and dismisses the Motion as required by rule 4(b).

Puckett was indicted under an original and two superseding indictments. (CR Doc. 1, 23, 193). Puckett entered into a Plea Agreement on August 15, 2008. In the Plea Agreement, Puckett agreed to a specific term of incarceration under Fed. R. Crim. P. 11(c)(1)(C) of 240 months. Puckett also agreed to waive any collateral attack pursuant to 28 U.S.C. § 2255 except on the issue of ineffective assistance of counsel. (CR Doc. 320). Puckett's Sentencing Memorandum specifically requested that the Court impose the 240 month imprisonment agreed to by the parties. (CR Doc. 468). At the plea hearing, the Court determined that Puckett fully understood the charges, terms of plea, and the consequences of entry into the plea agreement. The Court also found that Puckett's Plea Agreement was freely, voluntarily, and intelligently made. (CR Doc. 321). The Plea Agreement was accepted by the Court at the sentencing hearing

on March 30, 2009.  (CR Doc. 501).  The Court then sentenced Puckett to the agreed term of imprisonment of 240 months.  (CR Doc. 501, 502).

Puckett filed his Motion under 28 U.S.C. § 2255 on May 31, 2016.  (CV Doc. 1, CR Doc. 672).  In his Motion Puckett seeks relief under 28 U.S.C. § 2255 on the grounds that his sentence was invalidly imposed under the Armed Career Criminal Act ("ACCA").  Puckett relies on the U.S. Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). (CV Doc. 1; CR Doc. 672).  However, Puckett was not sentenced under the provisions of the ACCA but, instead, was sentenced to a stipulated and agreed term of 240 months under Fed. R. Crim. P. 11.  Puckett is not eligible for relief under *Johnson* because his sentence was to an agreed term. *See United States v. Jones,* 634 Fed. App'x 649 (2015).

Puckett agreed to a 240 month term of imprisonment under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (CR Doc. 30 at 3, ¶ 5).  Rule 11(c) provides:

> " An attorney for the government and the defendant's attorney. . . may reach a plea agreement. . . the plea agreement may specify that an attorney for the government will:
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . such a recommendation or request binds the court once the court accepts the plea agreement."

The Court accepted Puckett's Plea Agreement and, on Puckett's request, sentenced Puckett to the 240 month term of incarceration. (CR Doc. 468, 501). As such, Puckett was not sentenced under the provisions of the ACCA but, instead was sentenced by agreement and *Johnson* is inapplicable to Puckett's sentence. *United States v. Jones,* 634 Fed. App'x at 649.

Moreover, Puckett also agreed to waive collateral review of the sentence except on the issue of ineffective assistance of counsel. Puckett's request for relief under *Johnson v. United States* is a collateral attack on his sentence.  Therefore, the issue to be decided by the Court is

whether the *Johnson* attack on his sentence is within the scope of the waiver in Puckett's Plea Agreement and, if so, whether the waiver will be enforced. The Tenth Circuit has established a three-part test to determine if a post-conviction waiver is enforceable:

> (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice....

*United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004).

**_Scope of the Waiver:_**  In determining the scope of an appellate or post-conviction waiver, the Court must strictly construe the waiver in favor of the defendant and evaluate the scope of the waiver in light of the defendant's reasonable understanding at the time of the plea. *United States v. Novosel,* 481 F.3d 1288, 1291, n. 1 (10th Cir. 2007). In his Plea Agreement, Puckett agreed to waive any collateral attack except on the issue of counsel's ineffective assistance. (CR Doc. 320). Because *Johnson* announced a new rule of law, Puckett's collateral attack based on *Johnson v. United States* does not implicate assistance of counsel and, therefore, is within the waiver language of any collateral attack other than ineffective assistance of counsel. Puckett does not contend, nor is there anything in the record that would indicate, that he did not understand the scope of the waiver at the time he entered into the Plea Agreement. Therefore, the Court finds that the issue of eligibility for relief under *Johnson* is within the scope of the waiver of collateral attack in Puckett's Plea Agreement. *See, e.g., United States v. Viera,* 674 F.3d 1214, 1217-19 (10th Cir. 2012).

**_Knowing and Voluntary Waiver:_**  In order to determine the enforceability of the waiver, the Court must consider whether the waiver was knowing and voluntary. *United States v. Weeks,* 653 F.3d 1188, 1197, n. 4 (10th Cir. 2011). *Hahn* requires the examination of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-

conviction waiver. First, the court looks to whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. *Hahn,* 359 F.3d at 1325. Second, the acceptance of the guilty plea must be the result of an adequate colloquy between the Court and the defendant under Fed. R. Crim. P. 11. *Id.*

Puckett's Plea Agreement states that the plea is freely and voluntarily made and is not the result of force, threats, or promises. The Plea Agreement also states that Puckett is knowingly waiving jury trial and appeal rights. Last, the Plea Agreement sets out Puckett's understanding of his rights, the maximum sentence that could be imposed absent the agreement, and the factual basis of his plea. (CR Doc. 320). The language of the Plea Agreement is sufficient to establish that the plea and waiver is knowing and voluntary.

The record also reflects an adequate colloquy between Puckett and the Court under the requirements of rule 11. He was questioned regarding whether he had time to consult his attorney and if he was satisfied with his attorney's representation. Based on the colloquy, the Court found that Puckett fully understood the charges, the terms of the plea, and the consequences of entry into the plea agreement, and that the plea was freely, voluntarily, and intelligently made. (CR Doc. 321).

***Miscarriage of Justice:*** A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful". *Hahn,* at 1327 (quoting *United States v. Elliot,* 264 F.3d 1171, 1173 (10th Cir.2001)). The defendant bears the burden of persuasion to show that a miscarriage of justice will occur if the waiver is enforced. *United States v. Maldonado,* 410 F.3d 1231, 1233-34 (10th Cir. 2005).

No issue has been raised with respect to the first three bases. The record does not indicate that the Court relied on any impermissible factor. Nor does the record disclose any question of ineffective assistance of counsel in connection with negotiation of the waiver. To the contrary, on questioning by the Court, Puckett expressed satisfaction with his representation. *See* CR Doc. 321. Third, a miscarriage of justice does not occur when a defendant receives a sentence higher than he expected if that sentence does not exceed the statutory maximum. *United States v. Green,* 405 F.3d 1180, 1191-94 (10th Cir. 2005). The sentence imposed on Puckett did not exceed the statutory maximum. Nor was the sentence higher than Puckett expected. Instead, he received the sentence he specifically requested and agreed to. (CR Doc. 468).

In order for a waiver to come within the fourth basis as "otherwise unlawful" the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano,* 507 U.S. 725, 732 (1993). A defendant may not avoid enforcement of a waiver under the "otherwise unlawful" exception based on alleged errors in the calculation of his sentence, because this exception is focused on the fairness of the proceedings, rather than result of the proceedings. *United States v. Smith,* 500 F.3d 1206, 1212-13 (10th Cir. 2007). The record does not reflect, and Puckett does not allege, any error that seriously affected the fairness, integrity, or public reputation of the proceedings.

Puckett stipulated that a 240 month sentence was the appropriate disposition of his case under rule 11(c)(1)(C) and expressly requested imposition of the 240 month sentence. (CR Doc. 320, 468). The Court determines that enforcement of the waiver does not result in a miscarriage of justice. *United States v. Hahn,* 359 F.3d at 1327-29. Therefore, the Court will enforce the Plea Agreement, including the agreed term of incarceration and the waiver of collateral review, and will dismiss Puckett's Motion under rule 4.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Puckett has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Movant Own Puckett (CV Doc. 1; CR Doc. 672) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED** under rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment shall be entered.

_____
UNITED STATES DISTRICT JUDGE